**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Tara Suzanne Farque and David Brian Farque, | ) ) ) | Case No. 2:20-cv-2245-RMG |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER AND OPINION** |
| Deon A. Deas and Tamara Gonzalez, | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Before the Court is Plaintiffs' motion to extend time for service of process as to Defendant Deon A. Deas. (Dkt. No. 33). For the reasons stated below, the Court grants Plaintiffs' motion.

## **Facts**

This action concerns a 2017 automobile accident in which Plaintiffs were allegedly injured. Plaintiffs allege that Defendant Deon A. Deas caused the accident. Plaintiffs allege the vehicle Deas was operating was owned by his mother Defendant Tamara Gonzalez.

On June 14, 2020, Plaintiffs initiated this action against Defendants. (Dkt. No. 1). Pursuant to Fed. R. Civ. P. 4(m), Plaintiffs had until September 12, 2020 to serve Defendants. As detailed at length in their motion, before filing this lawsuit, Plaintiffs used "skip trace" searches and a social media investigation to locate Defendants given it appeared that both had moved out of South Carolina to California since the 2017 accident. *See* (Dkt. No. 33 at 3-4) (noting that the 2017 accident report listed Defendants as living together in South Carolina and further detailing Plaintiffs' pre-lawsuit investigation). Plaintiffs attempted to serve Defendants via process server on June 20, July 21, September 1, and September 2, 2020. These attempts, at addresses Plaintiffs believed Defendants resided, all proved unsuccessful. Eventually, however, with the help of a licensed private investigator/process server, on October 1, 2020, Plaintiffs succeeded in personally

serving Gonzalez.  Further, believing Deas lived with his mother, Plaintiffs left a copy of the summons and complaint for Deas with Gonzalez. (*Id.* at 5-7) (explaining why Plaintiffs believed Deas lived with Gonzalez as of October 1, 2020, and noting, for example, that when the process server asked Gonzalez if Deas was home, Gonzalez stated Deas was "at work"); (*Id.* at 6) (noting that Plaintiffs' private investigator "was informed by the property manager on duty that Gonzalez resided in . . . unit [number 118] along with Defendant Deas and a younger lady") (quoting Affidavit of Chad Ragan, (Dkt. No. 33-10)); Fed. R. Civ. P. 4(e)(2)(B).  In the meantime, on September 29, 2020, Plaintiffs filed a motion for an extension of time for service of process, (Dkt. No. 5), which the Court granted on October 1, 2020, (Dkt. No. 6).

On November 23, 2020, Defendants answered the complaint. (Dkt. No. 12 ¶ 27) (raising defense of nonservice of process and pleading "[t]hat if the process issued in the within action is insufficient because of non-service as provided by FCRCP 4(d)(2) . . . the within action should be dismissed pursuant to the provisions of FRRCP Rule (12)(b)(4) and (12)(b)(5)") (errors in original).

A scheduling order was entered on January 4, 2021. (Dkt. No. 14).

On November 8, 2021, the Court granted Plaintiffs' unopposed motion to compel Defendants' appearances at their respective depositions. Order and Opinion, (Dkt. No. 31) (noting Plaintiffs' difficulty in scheduling Defendants' depositions and further noting Defense counsel's support for Plaintiffs' motion).

On December 24, 2021, Plaintiffs filed the instant motion. (Dkt. Nos. 33, 38).  Plaintiffs request, pursuant to Rules 4(m) and 6(b)(1)(B) of the Federal Rules of Civil Procedure, additional time to perfect service on Deas. Plaintiffs note that during his deposition on December 17, 2021, Deas testified that he did not live with his mother as of October 1, 2020. (Dkt. No. 33 at 8) (stating

Deas testified he left California on September 1, 2020 to return to South Carolina). Thus, "rather than litigating whether Defendant Deas' 'dwelling or usual place or abode' was—or was not—with Defendant Gonzales on October 1, 2020, Plaintiffs seek an extension of time to serve Defendant Deas." (*Id.* at 9).

Defendants filed an opposition to Plaintiffs' motion. (Dkt. No. 36).  In opposition, Defendants argue only that "[t]his action should be dismissed for failure to effect service upon the Defendants within the Statute of Limitations." (*Id.* at 3).  Defendants do not contest, however, Plaintiffs' above-described factual recitations nor do Defendants mention Fed. R. Civ. P. 6—the rule under which Plaintiffs move.

Plaintiffs' motion is fully briefed and ripe for disposition.

### Legal Standard/Analysis

Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant within 90 days after a complaint is filed. The district court must extend the 90–day period if the plaintiff shows good cause for his failure to timely serve the defendant. Fed. R. Civ. P. 4(m). Additionally, the district court has discretion to extend the period if the plaintiff can show excusable neglect for his failure to serve. Fed. R. Civ. P. 6(b); *Henderson v. United States,* 517 U.S. 654, 662–63, 116 S. Ct. 1638, 134 L.Ed.2d 880 (1996); *Hansan v. Fairfax County Sch. Bd.*, 405 F. App'x 793, 793-94 (4th Cir. 2010).

Excusable neglect has been defined in many ways. "[A] finding of excusable neglect under Rule 6(b)(2) requires both a demonstration of good faith by the parties seeking the enlargement and it also must appear that there was a reasonable basis for not complying within the specified period." *In re Four Seasons Sec. Laws Litig.,* 493 F.2d 1288 (10th Cir. 1974).

"Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (citing 4A Wright & Miller, *Federal Practice and Procedure* § 1165 (2d ed.1987)); *Thompson v. E.I. DuPont de Nemours & Co.,* 76 F.3d 530, 533–34 (4th Cir.1996) (quoting *Pioneer Inv. Servs. Co.,* 507 U.S. at 392). "Rather, it may encompass delays caused by inadvertence, mistake or carelessness, at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit." *LoSacco v. City of Middletown,* 71 F.3d 88, 93 (2d Cir.1995) (citing *Pioneer Inv. Servs. Co.,* 507 U.S. at 395) (in context of bill of costs).

"[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co.,* 507 U.S. at 395 (in context of Bankruptcy Rule 9006(b)(1), which was "patterned after Rule 6(b)").

These circumstances include "the danger of prejudice to the other side, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (citation and footnote omitted).

The Court finds that Plaintiffs have demonstrated excusable neglect sufficient to grant an extension of time for service of process. As noted above, it is undisputed that Plaintiffs had a good faith basis in believing that Deas lived with Gonzalez as of October 1, 2020 and was adequately served under Rule 4 when the investigator left a copy of the summons and complaint for Deas with Gonzalez. *See* (Dkt. No. 33 at 8-11) (explaining the factual basis for this belief); *see also*

4

Defendants' Opposition, (Dkt. No. 36 at 3) (failing to substantially dispute any of the factual assertions or legal arguments advanced by Plaintiffs). It is also undisputed that Deas seemingly had notice of this litigation since around 2020 and would not be prejudiced by the Court granting Plaintiffs' motion. *See* (Dkt. No. 33 at 11 and n.7) (noting that Defendants have been represented in this action since November 17, 2020 and further noting that Deas admitted in his deposition that Mission Bell Hotel staff called and told him that "he had papers at the hotel and that service upon him was being attempted"); (Dkt. No. 33-12 at 55:13-20) (Deas testimony that "nothing ever came of this wreck" "until . . . years later when [they] are calling me and sending me letters and *finding me* and [] telling me about a crash"). Accordingly, as Plaintiffs have established excusable neglect as to their potentially deficient service on Deas, the Court grants Plaintiffs **thirty (30) days** from the date of this order to perfect such service.

### Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiffs' motion to extend time for service of process. (Dkt. No. 33). The time for Plaintiffs to serve Defendant Deas is extended to February 9, 2022.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

January 10, 2022
Charleston, South Carolina